**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) | Civil Action No. 2:16-2531-RMG |
| Plaintiff, | ) ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) ) | |
| George Patrick Sakash *and* Janice Brown Sakash, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's unopposed motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**I.    Background**

Defendants George and Janice Sakash filed a lawsuit in the Charleston County Court of Common Pleas against Stephen Lund alleging that George Sakash sustained serious and permanent injuries on January 13, 2014, when a vehicle owned by Stephen Lund struck him as he was crossing the street as a pedestrian while within the scope of his employment with Coca-Cola Company. Mr. Lund's liability insurer paid its available liability coverage to the Sakashes in exchange for a covenant not to execute, and the Sakashes then presented an underinsured motorist claim to their own insurance carrier, State Farm.

At the relevant time, the Sakashes had two insurance policies with State Farm, each providing $100,000 in underinsured motorist coverage. State Farm tendered the underinsured motorist coverage of $100,000 under one of the policies, but declined to make further payment of underinsured motorist benefits under the second policy based on policy language providing, "the maximum amount that may be paid from all such [underinsured motor vehicle coverage]

policies combined is the single highest limit provided by any one of the policies." (Dkt. No. 16-2.)

On July 13, 2016, State Farm filed the present declaratory judgment action, seeking a declaration that "that the maximum amount the Defendants may recover from the State Farm policies issued to the Defendants is the single highest limit of underinsured motorist coverage provided by any one of the policies which has already been paid to the Defendants and, further, ask that the Court declare that Plaintiff State Farm is entitled to an offset and/or credit against any underinsured motorist benefits that may be due for the amounts that were paid, could have been paid, or that could be paid to or for the Defendant in worker's compensation benefits." (Dkt. No. 1 at 6.) Defendants have not opposed summary judgment for Plaintiff.

## II.  Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material

facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

The State Farm policy in question provides that if other underinsured motor vehicle coverage applies, then

> If:
>
> a.    you or any resident relative sustains bodily injury or property damage:
>
> > (1) while occupying a motor vehicle not owned by you or any resident relative; or
> >
> > (2) while not occupying a motor vehicle; and
>
> b.    Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm Companies apply to the same bodily injury or property damage,
>
> then the maximum amount that may be paid from all such policies combined is the single highest limit provided by any one of the policies. We may choose one or more policies from which to make payment.

(Dkt. No. 16-2 at 4.) That language prohibits stacking underinsured coverages where the insured is not occupying a motor vehicle or is occupied a vehicle not owned by the insured or any resident relative. The provision is valid under South Carolina law. *See Putnam v. S.C. Farm Bureau Mut. Ins. Co.*, 476 S.E.2d 902, 902–03 (S.C. 1996).

It is undisputed that at the time of the underlying accident, George Sakash was a pedestrian not occupying a motor vehicle. (Dkt. No. 16-4 at 9 (deposition of George Sakash).) Under the policy language above, the maximum amount that may be paid from all such policies

-3-

combined is the single highest limit provided by any one of the policies, which has already been paid to the Sakashes. Plaintiff therefore is entitled to declaratory judgment as a matter of law.

Plaintiff's motion for summary judgment presents no argument or evidence regarding the further declaration sought regarding "an offset and/or credit against any underinsured motorist benefits that may be due for the amounts that were paid, could have been paid, or that could be paid to or for the Defendant in worker's compensation benefits." (Dkt. No. 1 at 6.) The Court therefore considers that Plaintiff has abandoned that requested relief. *See Doe v. Berkeley Cty. Sch. Dist.*, No. 2:13-CV-3529-PMD, 2015 WL 7722425, at *3 n.1 (D.S.C. Nov. 30, 2015); *Cousar v. Richland Cty. Sheriff's Dep't*, No. 3:08-CV-392-CMC, 2009 WL 982414, at *6 (D.S.C. Apr. 10, 2009).

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's unopposed motion for summary judgment (Dkt. No. 16) and **DECLARES** that, regarding incident that was the subject of *Sakash v. Lund*, 2014-CP-1006452, in the Charleston County Court of Common Pleas, the maximum amount Defendants may recover from the State Farm policies issued to the Defendants is the single highest limit of underinsured motorist coverage provided by any one of the policies which has already been paid to the Defendants.

**AND IT IS SO ORDERED.**

                                           s/ Richard M. Gergel
                                           Richard Mark Gergel
                                           United States District Court Judge

May 22, 2017
Charleston, South Carolina